We're happy to hear argument in our first case, No. 12-1588, Federal Deposit Insurance May it please the court, my name is Ed Blanot of the Buncombe County North Carolina Bar. I'm pleased to be before the court today in the case of FDIC v. Cashion. This is an appeal from an order of summary judgment on a promissory note against Mr. Cashion obtained by the FDIC. The issues before the court are among the most simply stated, which are whether there was error, that the matter should be reversed. As a brief- Am I correct, counsel, that your client has never disputed that the note has not been paid? That is correct. He has not disputed that it's been paid. It's the question of who is the owner and holder, whether it's been transferred, whether it has been canceled or discharged. Does he maintain one of those, or is it just sort of a blanket? Well, Your Honor, the answer is that a jury should be who decides that. And the reason I say that is- What would you tell the jury? I mean, you've got this 1099 if it holds water. It says cancellation. Would you not just focus on that? Your Honor, there would be two ways that we would present a defense to the jury. The first would be simply that if they do not produce the original note showing that they are entitled to recover- Well, wouldn't that bring original note to trial, wouldn't it? We don't know that they have it, Your Honor. Okay. Let's just assume that they have the original note. Now, we'll be discussing that with the FDIC about why nobody's seen the original note. But going forward and assuming that in discovery, you see the original note, so that argument is no longer- you no longer have, right? Certainly. Okay. So what is your other argument? Well, assuming that there's no original note, the point on the case- No, we're assuming there is an original note and you see it. Okay. Assuming there is an original note and we see it. The point on- And it's before the jury. And it's before the jury. So that's no longer- you can't argue there's no original note anymore. Certainly. The cancellation issue is a question that boils down to why did they send it if it was not canceled. There are a number of provisions from the Code of Federal Regulations- Just pause one moment. Remember, we started this and you tell him in response to a question that you had canceled- you had a bunch of different theories, but you would only rely on this cancellation theory. Is that correct? To answer your Honor's question, if the premise is that we're looking at the cancellation theory, the starting point is to look at the 1099C. No, no, no. That's not the question. That's not the question. I'm not- this isn't a trick question. You have the note, so your argument that there is no note is gone. You don't have it in your possession, but you've seen it. Your client's seen it, okay? Are you listening to me? Yes, I am, Your Honor. So is the only argument that you have left that the note has been canceled, will that be your whole case when you go to the jury? That would be the core of the case. Well, is there some subsidiary part of the case? There are, Your Honor. There's a case- What's the subsidiary part? There's the question of whether the government did anything to realize on the collateral that was provided to it, which was the other promissory notes that were owed to my client. Well, the note takes care of that. It says they can do what they want. They can go against you. They can go against you, but if they have realized on it, then there is a question of damages. Okay, so you're limiting damages, but I'm talking about going forward. Is there any other argument that you have? Going forward, the question on the note is, as Your Honor has identified, whether it has been canceled. Okay. Canceled or otherwise disposed of. What's this otherwise? Well, here- We're trying to pin you down. We're trying to understand what you're arguing. Here is my problem in trying to answer that. The cancellation of debt in the 1099-C says assignment of promissory notes. They said they assigned the promissory notes. We don't know what that means. So if they come with the original note- But that's part of the cancellation. Right. It says on the 1099 that you're talking about, it says canceled. Yes. Your Honor, if they have canceled it, if they have canceled it, if they have taken that position with their taxes, if they have taken this as an expense, a bad debt write-off, they can't have it both ways and also seek to recover. So if there's an original note, the only issue left is the cancellation. And the cancellation, yes. Was it canceled or not? Yes. And the cancellation issue, one would also look at the Uniform Commercial Code, not simply at the 1099-C because in the North Carolina Uniform Commercial Code, the debt on a promissory note goes away if it is canceled. And it uses the word cancellation in Section 25, I believe it's 2605-606, in that range. Well, your task here, though, is to tell us why the District Court was wrong to conclude that there was no genuine issue of material fact left with respect to the cancellation of the note by virtue of, as I take it, your only evidence of that that you presented in opposition to the FDIC's motion was this copy of the 1099. Copy of- You have to tell us why the District Court was wrong. Well, the District Court was wrong to go to the first part, which is by not requiring the submission of the original note to see if it had been endorsed or sent to somebody else. So if we assume, as your Honor has asked me to assume, that there was not some endorsement to a third party in the original note that we have not seen- Right. Yeah, you can come back to that. And the only issue is whether the debt has been canceled, then I would invite the Court's attention to the- Well, while you're turning that, let me ask it this way. Is it your position that as a matter of law, introduction of a 1099 in and of itself is sufficient to create the material issue of fact as to whether or not the debt is still due? That is my position, your Honor. That is my position. And if you don't prevail on that position, you lose, right? If I don't prevail on the position of whether it is a question of fact, then I think we have two things. We have the original promissory note being presented- Judge Itchie, as a matter of law, the failure to have the 1099 creates an issue of fact. Is that what you're saying? I did say that, your Honor. Okay, and if we should conclude that no, as a matter of law, it does not, you lose. The statute speaks- Do you have some other issue of fact? Your Honor, the statute speaks to an intentional voluntary act such as the cancellation, destruction, mutilation, cancellation of the instrument under section 25-3-604 of the Uniform Commercial Code. The statement on the 1099C is that of a cancellation. I understand that. That goes to the merits of your argument, but we should reject that argument. If the court rejects both the obligation of the FDIC to produce the original note and it rejects the proposition that the 1099C creates a question of fact about whether the debt has been canceled, then I do not see how I get to a jury except for on the issue of damages such as what happened with the disposition of the collateral, to which I may be entitled to offset. Let's go to the district judge's opinion on this, on the cancellation issue. As I read it, I could very well be wrong. The district judge didn't say, well, as a matter of law, 1099 cannot create an issue of material fact on whether or not the debt is owed. But under this case, essentially what I read the judge to say was that the only evidence proffered was what appears at page 42 of the appendix, a copy of the 1099, and that you were presenting it for the truth of the assertion that the debt is no longer owed, a factual assertion. But in order to do that, to present it for that purpose, it's hearsay. So you had to establish some sort of hearsay exclusion with some sort of evidence, and the district court judge said that you failed to do that. It wasn't that 1099 couldn't prove it, it's just you failed to make the preliminary showing that would make it viable. So is that what the judge said? And if he said that, why was that incorrect? If I may start with why it is incorrect, this No, I think you have to start with, did the judge say that? I would have to look at the quote. My memory is Do you remember what the rationale is? It wasn't a quote. Well, what I remember, Your Honor, is that the judge did not ultimately consider that to be material, the hearsay issue. That the judge ended up making the decision based upon Dobson's case, which was on slightly different grounds. Has anybody ever claimed it's bogus, the 1099? No. Has never come into it? No one has ever claimed it's bogus. In fact, to answer Your Honor's question about the hearsay, The If it's not bogus, it was made by the First National Bank of Asheville. Yes, Your Honor. And if it's not bogus, it's made by the First National Bank of Asheville, it would be a business record of the First National Bank of Asheville. Yes, Your Honor. And it would be a statement against interest of the First National Bank of Asheville. It would be that. It would be a business record. It is hearsay within two exceptions. I mean, I've never seen anything like this handwritten. That's the reason I'm going to ask you about using the term bogus. And the FDIC never says that either. But it's odd that a so-called purported cancellation of a $2 million note by a federally insured bank would turn up to be handwritten. I mean, it looks like somebody made it up in the middle of the night or something. And the fact that this bank was taken over by the FDIC suggests that maybe things weren't done in a regular manner. Your Honor, I would agree that there are very serious questions about whether the Bank of Asheville did things in a regular manner. Or whether some individuals at the bank were acting not in the bank's interest and maybe fabricating documents like the ones you rely on. That is why it would be a question of fact for the jury, Your Honor, to have a person who can testify about that document. Well, what did you put before the district court to establish the bona fides of this 1099 that it met the business records exception? Did you take the deposition of any of the bank officers who would have been involved with this account in order to explain the creation of it? Or, I mean, it seems like that would have been a fairly standard path to take to verify your intended evidence. Your Honor, the written discovery response is denied knowledge by the FDIC of anything that happened before the day of its takeover. Yet, in the affidavit of the FDIC officer that verified the document, she did acknowledge it was in the FDIC's files from having taken over the Bank of Asheville. What did you put in the record, though? Did you tender other than just the copy of the 1099? I mean, what's your evidence that it's bona fide it was made in the ordinary course of business and by a proper officer and all that sort of stuff? I mean, what did you put on for that? We put Mr. Cashin's affidavit of him having received this. He receives whatever... Then tell us about it. What he receives is this document. Well, that becomes the question of my written discovery to the bank, where I asked it about this, or not the bank, but the FDIC, and it denied knowledge of anything that occurred before its takeover. Well, there had to be a loan officer that he dealt with that you knew who the person was. Presumably you could have found them and deposed them. Your Honor, I believe that it was the bank's obligation to explain and to come up with the original note. So for that reason, during our discovery, we simply wanted to know what the bank's documents were and what it could tell us. Have you seen a copy of the note? I apologize, Your Honor. A copy of the note? Yes, Your Honor. And there's no argument that the FDIC dummied up this copy? Of the promissory note? No, Your Honor. No. The question is whether there are endorsements or allonges that do not appear. Have you seen the original note? I have not. They've never shown it to you? Did you ask that the note be produced in discovery? We asked for the note to be produced in discovery. The copies for discovery purpose were sufficient for us to see what their documents were. The expectation is that you produce... Let's review this for a minute. You asked for the note in discovery. They produced a copy. Did you object and say, no, we need to see the original? No, Your Honor. Well, if it's a copy, then that means it's a real copy, and they'd just have to put the original in evidence before the jury if it was a jury trial. That's correct, Your Honor. They would need to put the original in evidence before the jury trial. And you can negotiate these things at any time. Remember, what you have here... We don't have any basis for saying that your copy is not a copy. No. We do not know when the copy was made, Your Honor. The copy could have been made several years earlier as part of the loan file. And you run into this... Did you admit in your answer that it was a good copy? We admitted that it appeared to be a copy of his signature of the note but did not go into any endorsements, allonges, or other materials such as that. You've reserved a little bit of time for rebuttal. Thank you, Your Honor. May it please the Court, my name is Esther Mannheimer. I represent the Federal Deposit Insurance Corporation, and I'm with the Buncombe County Bar in Asheville, North Carolina. Why didn't you all just produce the original note? That would have cut off half of the panelist's argument. I would agree, Your Honor. We did not produce the original, however, because there is no legal obligation to do so. Do you have it with you? I do not have it with me. Have you ever seen it? I have not. This is the strangest case I've ever seen. Does your client not want it? Is there something that we should know that we don't know here? Where's the note? No, there is an accurate copy of the note attached to the complaint. How do you know it's accurate if you've never seen the note? No evidence has been produced. But you need to represent to us it's a real copy. You're the lawyer for this FDIC. That's correct. You come in here and you're telling us, as a member of the Bar of this Court, that that's a real copy of the original note. Can you do that, having never seen the original note? I can do that based on the affidavit of my client, and my client... Does she say that? In her affidavit? Yes. Ms. Martin, does she say she's actually seen the note? I don't remember what it says. Has possession of the loan file and the original note. She says a true and correct copy of the original note is attached to Exhibit A. She says it is a true and correct copy. So that's what you're relying on. Yes. Yes, Your Honor. Okay. The FDIC, apparently, according to her affidavit, and I have to trust in my client, has possession of... that you might be asked a question when you came to court about it, or the judges may want to see it. I think solely due to the distance of where they store the file. Where's the file? I believe that in this case, and maybe not in the... It may be in the record in terms of where Ms. Martin is located, but I think they are in Texas. You mean the Bank of Asheville's records are in Texas? Correct. I believe that's the case. The U.S. Mail still works? Yes, Your Honor. I sent it on Saturday, though. You sent it on Saturday. That is correct. Well, didn't your nurse get surprised? I would agree that it would have eliminated a lot of trouble, but we had to provide something. Well, they made all this expense of the briefing and the research from you all and our law clerks and even some of us trying to figure out whether your obligation to show the original note. The creditors of North Carolina stand firmly behind Dobson, and I think there is definitely an effort here to operate under North Carolina law, which only requires that a copy be provided, because the issue is not whether or not the original note is seen by the debtor. Mr. Cashin, did they ask in discovery for the real note? In discovery, a copy, as Mr. Blanot stated. What did they ask for? Do you remember? If I recall correctly, the discovery had a provision in it that said that copies would suffice for purposes of discovery. It specifically stated that, and that is in the record. Where the original note was requested is in the answer to the complaint. That is where you will find a request for the original note. However, as I was saying in North Carolina, the original... Presumably preceded the discovery request, right? That is correct. The issue is not whether or not the defendant has seen the original note. It's whether the plaintiff has established that they are the owner and holder of a note. Under the Lyles case, which is cited by the defendant, the plaintiff there failed to establish they were the owner and holder of the note. The court said one way to do that was to provide the original note. That is not the only way to do that. That is what the Dobson court says, that the establishment of being the owner and holder of a note can be accomplished through providing a copy. The district court in the case at Bard... Some other good and sufficient proof. The good and sufficient proof in this case is the affidavit of Ms. Martin. That is correct. Let's assume that, just for purposes of our little discussion here, that you're by the note problem. Now you're on to the 1099. I have to say, I thought the government's, or your argument, was a little odd on this. It basically had no explanation for them. The explanation was maybe it was this. Why it was present in the loan file? You acknowledge it's present in the loan file. You acknowledge what it says. What are we to make of all that? It is curious, and it is a difficulty in handling this matter. It's a phony. Maybe it is a phony. Do you have a suggestion that it is? We would claim it was a phony if we had someone to testify as much, but we don't. We can only offer that it was present in the loan file when the FDIC took over the bank. So it's part of the books and records of the bank. It literally is physically in the loan file. And you are the sand in the shoes of the bank. You represent the bank in this case. Correct. So it's part of your records. So you don't question the authenticity of it. So the question is the legal effect of an authentic, admissible 1099, if it has any relevancy to this. And it says on the face of it that it has the same loan number as the note. I don't know. That is correct, although I would differ with the statement that it's authentic somehow. Well, authentic you say is not authentic. If you made it, if you made it, and that's what a 1099 is, you're the one that was owed the money, so only the Bank of Asheville canceled the loan on the face of it and it's in the records of the Bank of Asheville. So you canceled it. It looks like other cancellations that are in the records of the Bank of Asheville. Remember when your colleague was arguing and Judge King brought to mind that this is handwritten, it looked a little odd. Is that how the Bank of Asheville proceeded? There aren't other records in the loan file that look like this. Just this loan file. Some other loan files. The loan files in general, the files in general. Your Honor, I've handled several of these files for the FDIC and we have not seen anything like this in the other cases. Are there other 1099s in those files? No, not that I have seen, no. And we've successfully prosecuted the remainder of the cases. Well, in this case, it's not the appellant's burden to prove by preponderance of the evidence that the debt has been canceled. He's not at that point yet. All he has to show is that there's a material issue of fact that's still in dispute in order to get him to that point. So to do that, we have this copy of a 1099 here and as I understand the district court judge's decision, he ruled that there needed to be some further authentication of the document in order for it to be considered even for summary judgment purposes. So if that's an evidentiary ruling, what's our standard of review there and why is he correct? That is a good question. I think that the court shared the same concern that you have voiced in that this does not fall under a business record exception because there isn't anyone to put up on the stand who can testify. But it's in the record. It is in the record. It's in the record and it says on the face of it, cancellation of debt, $1.993 million. But in the other cases where... 6-23-2010 and Bank of Asheville is the creditor. In the other cases where a 1099 has been allowed to be put into evidence, it's offered by someone employed by the bank who may have in fact prepared the 1099 or there's some... But you stand in the shoes of the bank. You stand in the shoes of the bank. Correct. And you can attest that these are the records of the bank and you have done that. But there's no... And we have to look at the evidence here, the materials, the evidence in the light most favorable to the other side at this point. Now your jury may well agree with you that this 1099 was just a bookkeeping thing. If that's what you say it is, I don't know what it was. But look at it in the light most favorable to Mr. Cashin and what can we do with it? There's no evidence that it was actually sent to the IRS. You say that. Well, it was sent to him by the bank. You may say that. Ms. Martin does. Mr. Cashin... These forms appear to have been sent to Mr. Cashin by the Bank of Asheville. Well, did you ask him for his tax returns? No. I mean, it's a taxable point. I mean, 2011 or 2010 tax return might well reflect what the answer is to that inquiry. I think that even assuming... Well, you didn't answer one part of my question. You may have good questions, but we have to come up with some answers here. So we have to determine whether the district court's actions were correct or not. So when we're trying to answer the question of whether or not this 1099 created a material issue of fact and the district court judge said it didn't because it wasn't sufficiently supported, how do we review that? What standard are we using to make that determination? I am not able to say for sure. I haven't been able to find... Would that be a fairly crucial part of this case? Yes, and I do address that in my brief, and I apologize to the court. I'm not recalling exactly what standard I provided in the brief. I think, however, for the case of argument, even assuming the 1099 comes in, there are divided cases about how to treat a 1099. You're right on that. I've looked at some of those myself. But getting past that point, I can't see where that's any problem. It's part of the books and records of the bank, and you keep saying it's not, even though you're the bank. In terms of the admissibility of the 1099. Well, it's a mission against interest or something. It's a statement by the party. It's a party admission. Assuming that the 1099 is admissible, there are federal court cases which say that a 1099, such as this 1099-C, does not raise a genuine issue of material fact. And there are cases that say it does. There are a couple of state court cases, which you can differentiate from this case. There are three cited, and in all of them, there are deficiency suits, which is different than this case. This is a suit on the note where there has been no foreclosure, so to speak, of the collateral, which in this case is three other loans, interestingly. And this 1099 apparently was received by the defendant after this lawsuit was filed. The lawsuit was filed in 2010 before the bank went under. The 1099 was received in January of 2011. That's when they come. They come after the end of the 2010 year. You send the 1099, but by the end of January of the next year. That's the way it works. But to distinguish again from these other state court cases, there's a concern in at least C.F. Holmes that there is some unfairness aspect. I'm rather Franklin credit that the debtor had already paid taxes because, of course, this is a taxable event to have debt forgiven. And in those cases, there were other issues that are not present in this case. And again, there's two Arizona state court cases and a Connecticut state court case. Well, what would have happened if the appellant had taken the deposition of the bank's loan officer and the bank's loan officer said, yeah, we issued that? Would that be sufficient to create a material issue of fact as to whether or not the debt was canceled? No. And in fact, that is what's happened in these other federal court cases. Why not? Because in these federal court cases where the 1099-C has been issued, erroneously or otherwise, by the lending institution, it's admitted to the court in Capital One versus Massey, which is a federal case, the court said that even the IRS does not view the 1099-C as a legal admission that a debtor is absolved from liability for the debt. And it adopts the view that the 1099-C does not in and of itself discharge the debtors from liability. And that is because, isn't it, that the IRS sends 1099 sometimes when in fact the people are still going to pursue the debt. Correct. By the code, it states there are triggering reasons that a 1099-C must be sent whether or not the debt has been... There hasn't been payment in three years on it. Then they have to send the 1099 even if the lender is going to pursue the note. Isn't that right? That's correct. And I believe that N. Ray Zilka has the discussion where this problem derives from, which is when a lending institution charges off its debt, in other words, finds it to be worthless for some reason, they have regulatory reasons why they have to charge off the debt on their books to show its true value. And in those cases, and in that one, the 1099-C was erroneously sent at the point at which the debt was charged off. It was correctly sent by the IRS and still not evidence that the debt has been forgiven. Correct. But I interrupted you. Well, is it your position then that it's a matter of law, even if the lender verified that they sent the 1099, it was a bona fide 1099, that that evidence as a matter of law is insufficient to create a material issue of fact as to whether the debt was canceled? Yes. So even at a summary judgment proceeding, the debtor would have to produce additional evidence, in your view, before the district court judge could make a determination to deny the motion for summary judgment? Yes, and that is exactly what happens in Capital One v. Massey. On summary judgment, a 1099-C is in evidence, so to speak, and that is what the court finds. And that is why there is discussion in the case at bar by our district court judge that the defendant has offered no evidence to challenge that the FDIC succeeded to the rights of the Bank of Asheville, that the copy of the note is accurate, that the FDIC has possession of the note, and that the note has not been assigned. The defendants have not offered any evidence contrary to what the Bank of Asheville, in this case the FDIC, has offered into evidence. There isn't anything to dispute those basic facts, and the court goes on to conclude that even assuming this 1099-C is admissible, it does not itself operate to legally discharge the debtor's debt obligation. Because it could be explained, as Judge Moss laid out there a few minutes ago. It could be explained, but it wasn't. I mean, and whose burden was that to explain why you sent a 1099 on this note? I think that in... It was other than a cancellation. I'm not sure that there is a burden to explain it since it does not operate to discharge the debt. It's a summary judgment, and you're the moving party. Do you have to neutralize any impact to this 1099? Not if this court chooses to adopt the opinion of these other federal court cases where the courts have concluded that a 1099-C, standing alone, does not operate as a matter of law to discharge the debt. It doesn't operate to discharge it. Is it evidence, some evidence, that the debt might have been discharged? The Fifth Circuit has held that the 1099 can show an intention to cancel debt, but not actual cancellation. If you look at that in the light most favorable to the defendant, against the moving party, where do you end up? There is no evidence to the contrary. No evidence offered by this defendant to the contrary. To the contrary of what? That somehow there was an intention to cancel this debt. Well, you would be happy to be the person who would be offering evidence to the contrary of that. But if... If there is a burden on someone to be offering that evidence. But I thought your position was that there isn't any burden, that it doesn't, as a matter of law, and there are other cases going the other way, are all these federal cases on summary judgment? They are not. They are not all on summary judgment. Capital One v. Massey is squarely on this issue. And that is... It's a published case. It's a Texas Federal District Court case. I believe it is a published case. We got any court of appeals cases on this? On the issue of summary judgment, specifically around 1099Cs. 1099Cs. The Fifth Circuit has the Owens v. Unpublished? I don't... I believe it is a published opinion. Owens v. Commissioners is a Fifth Circuit case on this issue. Is that in your brief? It is. I wouldn't figure that out. It is. There are actually five federal court cases that are cited in my brief that... Any in the Fourth Circuit? There are not any in the Fourth Circuit. No. So on the 1099 issue... Capital One is unpublished. It's not only a District Court case. It's unpublished. Powell? Capital One. Isn't that the one you were just talking to me about? It is a District Court case. That is correct. And it is unpublished. Unpublished. I apologize. What's the Fifth Circuit case again? What's that? It is Owens v. Commissioners. This is a... That appears to be unpublished as well. Unpublished opinions aren't precedent. There are no cases... All good men and women should know this. Henceforth. Can I ask for one more question? Of course. The difficulty I have with the position that you've argued... I mean, you may be right on the cancellation, though, is that it seems that you would require the debtor, in effect, to have proved their case, beyond the preponderance of the evidence, that the debt was, in fact, actually canceled. Almost that you would have to have all your proof that you would use at trial before the court in order for the court to make a decision. So you've gone beyond just showing there's a dispute of fact. The court would essentially, under your view, be ruling as a matter of law that the defendant has proven their case. Am I right about that? It seems like you're requiring the merits to be proven at the summary judgment stage. The merits of the defendant? Correct. I am stating that the defendant must offer some evidence to create a material fact. And in this case, the only evidence offered is the 1099-C. And if the 1099... Oh, yeah, I'm sorry. If the 1099-C, as a matter of law, does not discharge the debtors from liability, then there is nothing else remaining. Thank you. Thanks very much. The defendant rises in rebuttal. Can I just ask you one question? Yes, ma'am. Then we can have a whole rest of the time without questions from me. If you would acknowledge that the IRS can send 1099s without, in fact, the... I'm sorry, not the IRS, the lender can send 1099s without, in fact, releasing the debt. Isn't that correct? The lender can send a 1099 and still have some intent to pursue the debt, though that would have some tax consequences for both sides. There was a question, I think, that Judge King raised concerning whether this was just a piece of paper that went to Mr. Cashin or whether there was any indication in the record that the 1099-C had been sent to the IRS. I would invite the Court's attention to page 157 of the Joint Appendix. The IRS transcript shows the original 1099-C having been submitted to the IRS. Is that the way it works? If you send a... If you prepare a 1099, the creditor does. They send the original to the IRS, then a copy to the debtor and put one in their own file. Is that the way it works? That's my belief, Your Honor. It's like somebody doing it for people like you. You get 1099s. Correct, we do that. They all come in January, don't they? Our accountant sends the original, sends copies to us, keeps a copy for the file. You have to do it in January. That is correct. I mean, so this thing about the timing of it, I couldn't understand what they were getting at with that. But anyway, that's what I thought. It's a January event, I thought. Also, in the question of intent and the... Before you leave that, your representation is that what appears at JA-157 is the IRS's acknowledgement of receipt of the 1099. Yes, Your Honor. Okay. The question of what... Go ahead. I'm sorry. The question of what is intended by sending a 1099-C is a function of exploring the Code of Federal Regulations. The events that can trigger it are bankruptcy, receivership, expiration of a statute of limitations in a state where you have a foreclosure election that rules out suing on the note, probate, an agreement, which appears to be a settlement agreement, or G is the only one that is left over, as A through F, none of those apply, is an attempt to discontinue collection activity and discharge debt. So, prima facie, if we look at what the Bank of Asheville did, it intended under the Code of Federal Regulations to discontinue collection activity and discharge the debt, and that statement has an impact under the North Carolina Uniform Commercial Code where there is a writing that cancels the debt because of the form of the cancellation on the 1099-C. I'm happy to answer any other questions that the Court may have. And if there are none, I'm happy to have a seat. Thank you for the opportunity to appear. Thank you very much.
judges: Diana Gribbon Motz, Robert B. King, G. Steven Agee